Case 1:24-cv-00757-RSK  ECF No. 1, PageID.1  Filed 07/25/24  Page 1 of 5

FILED - GR
July 25, 2024 10:58 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB /7/25

# HABEAS CORPUS § 2254

Whether defendant was denied his constitutional right to a speedy trial is a mixed question of fact and law People v. Waclawski 286 Mich. App 634, 664; 780 N.W.2d 321 (2009). A trial courts factual findings supporting it's ruling are reviewed for clear error while the courts ultimate determination on the constitutional question is reviewed de novo People v. Williams 475 mich 245, 250; 716 N.W.2d 208 (2006). Both the United States and Michigan constitutions guarantee a criminal defendant the right to a speedy trial. US Const, Am VI; Const 1963, art 1 § 20 Michigan courts employ the Barker standards articulated by the United States Supreme Court in Barker v. Wingo 407 U.S. 514; 92 S.Ct. 2182; 33 to determine whether a speedy trial violation occurred. See People v. Williams 475 mich 245 261; 716 N.W.2d 208. Under this standard, courts balance the following four factors to determine whether a defendant was denied the right to a speedy trial (1) the length of delay (2) reason for delay (3) the defendant assertion of the right and (4) the prejudice to the defendant. For a delay for over 18 months prejudice is presumed, People v. Collins 388 mich 680, 690; 202 N.W.2d 769, and courts must turn to remaining factors to determine whether a defendant has been deprived of the right to a speedy trial Williams, 475 mich. at 262. The time for when judging whether the right to a speedy trial has been violated, runs from the date of the defendant arrest see Williams, 475 mich at 261

2

In this case the defendant was arrested July, 2021 and is currently scheduled for November 25, 2024 in which will be 40 months, Even currently it have been 36 months and is well past the threshold, After 18 months the burden shifts to the Prosecution to show there was no injury See Collins 388 mich at 605, 202. Under the Barker test A presumptively prejudicial delay triggers an inquiry into the other factors to be considered in the balancing of the competing interest to determine whether a defendant has been deprived of the right to speedy trial. The Prejudice factor should be analyzed in the light of the interest of defendants which the Speedy trial right was designed to protect. Barker, 407 U.S. at 532, 92 S.Ct 2182. The United States supreme court has recognized that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or for that matter identify Doggett v. United States, 505 U.S. 647, 655 112 S.Ct 2686. More over an affirmative proof of particularized prejudice is not essential to every speedy trial claim See Moore v. Arizona 94 S.Ct 188, 38. The United States supreme court identified three interest (1) Prevention of oppressive pretrial incarceration (2) minimization of anxiety and concern of the accused and (3) limitation of the possibility that the defense will be impaired.

3

In this case defendant has been charged with C.C.W., lab prints have been issued by a professional witness determining that the said gun have not been in defendants possession, nor was he the registered owner of the car it was found in. The courts have prejudiced the defendant by revoking his bond in this matter after defendant refuse to plea to a lesser but not included charge of Resisting an arrest, defendant was never charged with (R.and.O) but was offered this charge in substitute for the C.C.W. The courts now attempt to include this case with a current case in 2023 in which it will be 15 month before trial commence on october 17, 2024 for the current case. This is known to be fact because defendant was offered a plea for both charges (07/2024) and (07/2023) court offered defendant 12 years for both charges put together. Now that defendant have procured a bond review on july 15, 2024 the bond in the latter case have been revoked by Judge Smedely. This court have prejudiced the defendant by revoking his bond and preying on the oppressiveness of pretrial incarceration to cause a detrimental impact on the individuals ability to defend himself, time in jail awaiting trial has a detrimental impact on individuals.

— We ask the relief of this courts pertaining to the speedy trial right of the united states supreme court and this here Michigan Supreme courts MCL 768.1 to Review this court De Novo an Dismiss case

TO: Clerk

This is a habeas corpus, I the defendant Monaco Michell is not banded from habeas relief I will testify to this information in the presents of a sworn magistrate or any judicial officer I have exaust state habeas corpus with no response

NAME: Monaco Michelle
location: Muskegon County Jail
990 Terrace Street
Epod: E8

Muskegon County Jail
980 Terrace Street
Muskegon, MI  49440

Monaco Michelle
Epod: E8

GRAND RAPIDS MI  493
23 JUL 2024   PM 2   L

Clerk, U.S. District Court
399 Federal Bldg
110 Michigan St., N.W
Grand Rapids, MI 49503

49503-236399